IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| THE UNION CENTRAL LIFE INSURANCE COMPANY<br>1876 Waycross Road<br>Forest Park, Ohio 45240<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JAY H. MULEIN<br>4566 Winnetka Avenue<br>Woodland Hills, California 91364-4611<br><br>　　　　　Defendant. | Case No. 1:11-cv-66<br><br>COMPLAINT |

　　　　Plaintiff The Union Central Life Insurance Company ("Plaintiff") complains of Defendant Jay H. Mulein ("Defendant") and states:

**Parties:**

　　　　1.　　Plaintiff is a corporation duly organized under the laws of the state of Nebraska with its principal place of business located at 1876 Waycross Road, Forest Park, Ohio 45240.

　　　　2.　　Defendant is a citizen of California and resides, upon information and belief, at 4566 Winnetka Avenue, Woodland Hills, California 91364-4611.

**Jurisdiction:**

　　　　3.　　<u>Jurisdiction</u>.　The Court has original jurisdictional of this civil action pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendant.

In that regard, Plaintiff is a citizen of Ohio and Defendant is a citizen of California. Furthermore, as more fully set forth below, Defendant consented to the Court's jurisdiction with respect to Count II.

4. <u>Venue</u>. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391, as a substantial part of the events or missions giving rise to Plaintiff's claim occurred in this district. Furthermore, as more fully set forth below, Defendant conceded that venue is proper in this district and division with respect to Count II.

**Count I: Breach of Contract – Promissory Note:**

5. On July 1, 2008, Plaintiff and Defendant entered into a written contract ("Contract") titled "Branch Manager Contract," a copy of which is attached hereto as Exhibit A, wherein Plaintiff employed Defendant for purposes of, among other things, managing a branch office agency of Plaintiff's.

6. On June 23, 2008, Defendant executed a promissory note ("Note") in favor of Plaintiff in the principal amount of $50,000.00, a copy of which is attached hereto as Exhibit B.

7. Note contained a provision whereby the termination of Contract constituted an event of default.

8. Effective October 28, 2010, Contract was terminated pursuant to a letter from Plaintiff to Defendant dated the same day, a copy of which is attached hereto as Exhibit C. Thus, Note's unpaid principal balance was immediately due and payable.

9. Defendant has failed to pay Note according to its terms and is therefore in default of same.

10. Defendant is in possession of Note and hereby elects to declare all the indebtedness on Note to be immediately due and payable from Defendant as provided thereunder.

11. As of January 31, 2011 there was due and owing to Plaintiff from Defendant under Note the sum of $25,000.00.

**Count II: Breach of Contract – Debt Repayment Agreement:**

12. On June 22, 2010, Plaintiff and Defendant executed a Debt Repayment Agreement ("DRA"), a copy of which is attached hereto as Exhibit D, wherein Defendant agreed to repay a debt to Plaintiff in monthly installments commencing July 1, 2010 and ending on June 1, 2011.

13. Pursuant to DRA, Defendant consented to the Court's personal jurisdiction and conceded that the Court is the proper venue for this dispute.

14. Defendant has failed to pay DRA according to its terms and is therefore in default of same.

15. Plaintiff hereby elects to declare all the indebtedness under DRA to be immediately due and payable from Defendant as provided thereunder.

16. As of January 31, 2011, the outstanding balance of DRA is $170,801.05.

**Prayer:**

17. Plaintiff respectfully requests the following relief:

    (a) A judgment on Count I against Defendant in the amount of $25,000.00;

    (b) A judgment on Count II against Defendant in the amount of $170,801.05;

    (c) That Plaintiff recover its attorney's fees and costs;

    (d) That Plaintiff recover pre-judgment and post-judgment interest at the highest rate and to the maximum extent permitted by law;

    (e) That Plaintiff have all such other and further relief, both general and special, at law and at equity, to which it may show itself justly entitled.

Respectfully submitted,

_____
John F. Kirtley II, Esq. (0077757)
**AMERITAS LIFE INSURANCE CORP.**
Law & Corporate Relations Department
1876 Waycross Road
Cincinnati, Ohio 45240
(513) 595-2338
(513) 833-1951
(513) 595-2918 (facsimile)
jkirtley@ameritas.com
*ATTORNEY FOR PLAINTIFF*
*THE UNION CENTRAL LIFE INSURANCE*
*COMPANY*

*j:\jfkshare\distribution\debt\collection\mulein\complaint.doc*